Mr. Justice Clayton
delivered the opinion of the court.
This was a petition for dower in the probate court of Wilkinson county. The only question seems to be, whether Wood, the first husband of Mrs. Rowan, was seised during the coverture, so as to entitle her to dower. The land, together with a number of slaves, was conveyed jointly to him and his sister, Mrs. James, then unmarried. Before his marriage, Johnson and his sister the appellant agreed verbally that he should take the slaves, and that she should have the land; but this agreement was never reduced to writing. He never had actual possession of the land after his marriage, and she was in possession during the whole time. There was a will made by Wood, but it can have no influence on the decision, because it directed, after payment of his debts, that his property should be disposed of as the law directs.
The probate court decreed dower to the petitioner, from which: an appeal is taken to this court.
From the nature of the probate court, it is wholly unfit to decide upon the title to land, where there'is a conflict of claims. We have repeatedly decided that itois not within its jurisdiction to do so. If there be proof of marriage, of seisin of the husband during the coverture, of non alienation on the part of the wife, and death of the husband, she is, against the representatives of the husband, entitled to dower. Those representatives are the only proper parties to the proceeding. H. & H. 352. The rights of others are wholly unaffected; and the decree in no manner operates upon them. If there are adversary rights, they may be set up in opposition to the decree, or rather *402 in avoidance of it. Those who have such rights may put the widow to her ejectment, or other appropriate remedy, and in such proceeding the respective claims will be considered, in a great degree, as if no decree of the probate court had been pronounced. To explain, the decree will establish that she is the widow having right to dower out of the estate of the decedent ; but whether the particular estate which is claimed adversely to the husband is subject to such right, is a question not determined by that court, except so far as the representatives of the husband are concerned, who are the only proper parties before the probate court. The widow claims through and under her husband, and if there be an outstanding title better than his at the time of his death, the decree of the probate court cannot defeat such title, or give her a preference over it. See Farmers and Merchants Bank of Memphis v. Tappan, 5 S. & M. 112; Holloman v. Holloman, MS.
The appearance of these parties in the probate court, and their contestation of the matters there, conferred no additional power on that court. Their rights must still remain as they were. Consent may give jurisdiction of the person, but not of the subject-matter, when, without such consent, the court would have no power to pronounce the judgment or decree.
The probate court was competent to inquire into the fact of the seisin of the husband. Randolph v. Doss and Wife, 3 How. 206. That fact, we think, was properly decided by it. The legal title draws to it the legal possession or seisin in law, unless there be an actual adverse possession, Green v. Liter, 8 Cr.; Beekman v. Sellick, 8 Johns. R. 262. Tillinghast’s Adams on Eject. 10, note. There was here no evidence that the possession of Mrs. James was adverse to that of her brother, the decedent. Under the joint conveyance, the possession of one would be deemed the possession of both, unless there were evidence of an ouster. Till. Adams on Eject. 54; 14 Viner, 512; 7 T. R. 386. Our statute makes the estates of joint tenants liable to dower. H. & H. 357.
But if it be true that the purchase-money was paid by Mrs, James for the land, she may have a lien upon it for such pur *403 chase-money. He might have been but a trustee for her, until it should be repaid. 4 Kent, 151; 5 Humphrey’s R. 49; Tompkins v. Mitchell, 2 Rand. 428. This decree will not preclude that inquiry, nor any other which relates to the title of Mrs. James, or the other parties hereto, or of third persons, not the representatives of the husband.
This case is not in conflict with that of Randolph v. Doss et ux. 3 How. 206. There it is virtually stated that a paramount title, or the title of those not before the court, could not be affected by the decree.
Judgment of the court below affirmed.